UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PETER J. CRESCI, JANE DOES 1-4, and JOHN DOES 1-4,**<br><br>    Plaintiffs,<br><br>    v.<br><br>**JUSTIN KAZAN, JOSEPH SPIERS, ROBERT A. KUBERT, CITY OF BAYONNE, ALAN S. ELAWADY, JASON H. OLMO, DANIEL RAGOZZINO, JAMES M. DAVIS, JOSEPH DEMARCO, JOHN DOES 1–10, XYZ CORPS 1–5, and JANE DOES 1–6,**<br><br>    Defendants. | Civ. No. 19-19928 (KM) (JBC)<br><br>**OPINION & ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

On October 20, 2022, Magistrate Judge James B. Clark, III denied Plaintiff Peter Cresci's motion to amend his complaint. (DE 42.) This matter comes before the Court upon Cresci's appeal from that ruling. (DE 43.)

For the reasons set forth below, Judge Clark's order is **AFFIRMED** as entered.

I.   **BACKGROUND**

   1. **Facts**

On September 24, 2019, Cresci was pulled over by police officers Justin Kazan and Joseph Spiers after he failed to stop at a stop sign in Bayonne. (1AC ¶¶ 23, 25, 28(a), 30.)[1] According to Cresci, there was no basis for the stop

---

[1]   Certain citations to record are abbreviated as follows:

   "DE" = Docket entry number in this case

   "1AC" = Plaintiffs' Amended Complaint (DE 6)

because there is no stop sign where he was pulled over. (*Id.* ¶ 28(a).) Kazan and Spiers took Cresci into custody at a Bayonne jail because he had an outstanding warrant for failure to appear before an Essex County court. (*Id.* ¶ 25.) After a few hours, Cresci was transferred to an Essex County jail and released four days later. (*Id.*) Cresci alleges that the stop and arrest were part of a conspiracy against him by Bayonne city officials in response to his campaign against public corruption. (*Id.* ¶¶ 63–64.) He further alleges that city officials Joseph DeMarco and James Davis, along with other officials, committed misconduct in their positions, which Cresci "campaigned against," and that his arrest was in retaliation for that campaign. (*Id.* ¶¶ 16, 17, 63, 104–06.)

### 2. Procedural History

On November 6, 2019, Cresci brought this action in response to his arrest and the alleged conspiracy. (DE 1.) In his complaint, as amended on January 26, 2020 (DE 6), Cresci named as defendants Kazan, Spiers, Robert Kubert (Kazan and Spiers' supervisor), DeMarco, Davis, and the City of Bayonne, along with individuals Alan Elawady, Jason Olmo, and Daniel Ragozzino (although the Amended Complaint did not explain who they are), as well as John Doe defendants. (1AC ¶ 4.) Proceeding under both 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. § 10:6-2(c), Cresci alleged the following claims against all Defendants (the "civil rights claims"): false arrest and imprisonment (1AC ¶¶ 45–55) (Count A), illegal search and seizure (*id.* ¶¶ 56–60) (Count B), retaliation for engaging in First

---

"MTD Opinion" = September 24, 2020 Opinion dismissing Plaintiffs' Amended Complaint (DE 20)

"PSAC" = Plaintiff's Proposed Second Amended Complaint and Jury Demand (DE 39, Ex. A)

"Order" = October 20, 2022 Letter Order denying Motion to Amend (DE 42)

2

Amendment activity (*id.* ¶¶ 61–67) (Count C), and abuse of process[2] (*id.* ¶¶ 68–73) (Count D). Also under § 1983 and the NJCRA, he asserted a municipal liability claim against the City. (*Id.* ¶¶ 74–91) (Count E). In addition to the civil rights claims, he alleged a New Jersey Racketeer Influenced and Corrupt Organizations Act ("NJRICO"), N.J. Stat. Ann. § 2C:41-1 *et seq.*, and NJRICO conspiracy claim against all Defendants. (*Id.* ¶¶ 92–116) (Counts F and G).

On September 24, 2020, I entered an order dismissing Cresci's Amended Complaint. (DE 21.) In an accompanying opinion, I explained in detail my rationale for dismissing each of Cresci's claims: First, I explained that I dismissed the civil rights claims against Elawady, Olmo, Ragozzino, DeMarco, Davis, Kubert, and the John Doe defendants because the Amended Complaint failed to establish that any of them were personally involved in any constitutional violation. (MTD Opinion at 5-7.) Second, I dismissed the civil rights claims against Kazan and Spiers because Cresci was arrested pursuant to a bench warrant, issued on a finding of probable cause. (*Id.* at 7-8.) Third, I dismissed the civil rights claims against the City of Bayonne because Cresci's *Monell* claim—the only means by which Cresci could maintain a civil rights action against the City—failed for two independent reasons: (a) Cresci had no viable underlying constitutional claim against the individual defendants, and (b) the Amended Complaint lacked sufficient factual allegations to show that any alleged constitutional violations stemmed from a municipal policy or custom. (*Id.* at 8-9.) Finally, I dismissed the NJRCIO claims because Cresci's alleged constitutional injuries were "injuries to one's person," which are not actionable under NJRICO, and because the Amended Complaint contained no facts to support Cresci's conclusory allegations that the defendants committed various predicate criminal offenses. (*Id.* at 5-10.) I entered the order dismissing Cresci's Amended Complaint without prejudice to the filing, within 30 days, of

---

[2] As I noted in my previous opinion, while the Amended Complaint titles this count "abuse of process," the allegations supporting it suggest that it is better viewed as a malicious prosecution claim. *See* MTD Opinion at n. 3.

a motion to amend the complaint, accompanied by a proposed amended complaint with changes highlighted to facilitate comparison with the original. (DE 21.)

On October 23, 2020, Cresci filed a motion to amend his complaint. (DE 22.) On June 16, 2021, following briefing by the parties, Judge Clark entered a letter order denying Cresci's motion to amend, noting that not only did Cresci fail to comply with my September 24, 2020 Order, but he also 1) violated Local Civil Rule 7.1 by failing to file either a brief in support of his motion or a statement that no brief is necessary, and 2) violated Local Rule 15.1 by failing to include with his motion "a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading which it proposes to amend" either "by bracketing or striking through materials to be deleted and underlining materials to be added." (DE 30 (citing L Civ. R. 7.1(d)(4) and L Civ R. 15.1(a)(2)).) Judge Clark's June 16, 2021 Order was entered "without prejudice to the filing of a renewed motion to amend, which complies with the Local Civil Rules, within fourteen (14) days." (*Id.*)

On July 8, 2021, Cresci filed a renewed motion to amend. (DE 31.) On February 8, 2022, following further briefing by the parties, Judge Clark entered a letter order denying Cresci's renewed motion to amend, noting that the renewed motion suffered from the same deficiencies identified in the previous June 16, 2021 Order. (DE 36.) Nevertheless, Judge Clark permitted Plaintiff one final opportunity to file a motion within 14 days which fully complies with the Local Civil Rules and the Court's previous orders. (*Id.*)

On March 31, 2022, Cresci again renewed his motion to amend. (DE 39.) On October 20, 2022, following further briefing by the parties, Judge Clark entered a letter order denying Cresci's motion to amend for a third time. (DE 42.) In the order, Judge Clark stated that although Cresci's latest motion to amend properly includes a statement that no brief is necessary, Cresci once again failed to provide a form of his proposed amended pleading with highlighted changes to allow the Court to compare his proposed amended pleading with the pleading previously dismissed by the Court. (Order at 3.)

Judge Clark held that "[i]n doing so, Pleaintiff has again failed to comply with Local Civil Rule 15.1(a)(2) and the Court's September 24, 2020 Order," further noting that Cresci "has failed to follow the explicit directives set forth in the Court's orders denying Plaintiff's previous motions to amend." (*Id.*)

On November 2, 2022, Cresci filed this timely appeal.[3] (DE 43.)

## II. DISCUSSION

### A. Affirmance for failure to comply with Local Rules

Judge Clark's October 20, 2022 Order was well-reasoned and properly entered. It was an appropriate exercise of the Court's discretion to deny Cresci's motion to amend after Cresci "failed to submit a motion to amend which complies with the Local Civil Rules or the Court's September 24, 2020 Order after *three separate opportunities to do so.*"[4] (Order at 4 (emphasis added).) I endorse Judge Clark's sound and practical approach to case management, and I affirm the Order.

### B. Alternatively, futility of amendment

For the avoidance of doubt, I have considered the substance of Cresci's motion to amend, and I find that his motion should be denied also for the independent reason that such amendment is futile under Fed. R. Civ. P. 15(a)(2).

#### 1. Rule 15(a)(2) Standard for Motion to Amend

Under Fed. R. Civ. P. 15(a)(2), a court should give leave for a plaintiff to amend his pleading "when justice so requires." The Court may deny a motion to amend the pleadings where there is: (1) undue delay, (2) bad faith or dilatory

---

[3]     On November, 21, 2022, Defendants filed a brief in opposition to Cresci's appeal of Judge Clark's October 20, 2022 Order. (DE 44.)

[4]     The District Court will reverse a Magistrate Judge's decision on a non-dispositive motion only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). Judge Clark's Order was neither. The "grant or denial of an opportunity to amend is within the discretion of the District Court," and while leave may be freely given, a motion for leave to amend may be denied for "repeated failure to cure deficiencies by amendments previous allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

motive, (3) undue prejudice, (4) futility of amendment, or (5) repeated failure to correct deficiencies. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or immediately subject to summary judgment for the defendant." *Am. Corporate Soc'y v. Valley Forge Ins. Co.*, 424 F. App'x 86, 90 (3d Cir. 2011) (internal citations omitted). An amended complaint is futile if it could not surmount the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

### 2. Cresci's Proposed Second Amended Complaint

Cresci's Proposed Second Amended Complaint contains two significant additions to the first Amended Complaint that I dismissed on September 24, 2020. These additions include 1) a proposed new claim under 42 U.S.C. § 1985, and 2) additional allegations in support of the NJRICO claims. As I discuss *infra*, neither of these additions, nor any of the other minor changes that appear in the proposed amendment,[5] cures the deficiencies in Cresci's

---

[5] Besides adding a § 1985 claim and additional allegations in support of the NJRICO claims, I observed two other changes in the Proposed Second Amended Complaint that are worth noting. *First*, Cresci specifically charges that individual defendants Kubert, Elawady, Olmo and Ragozzino were complicit in his allegedly unlawful arrest and detention, either because they were present or because they were in a supervisory position and had an obligation to stop the violation of Cresci's civil rights. *See, e.g.,* PSAC ¶ 35. This addition appears to be aimed at the deficiency I noted in my September 24, 2020 Opinion when I dismissed Cresci's civil rights claims for failing to sufficiently allege the involvement of these individual defendants. These additional allegations, without more, do not cure that deficiency because Cresci still has not made a plausible showing that his arrest or detention was improper.

*Second*, Cresci newly alleges that the citation he received for running a stop sign, the violation that led to his traffic stop and eventual arrest, was dismissed on November 19, 2019. (PSAC ¶ 30.) Cresci appears to suggest that this fact supports his claim that his arrest and detention were unlawful—it does not. As I expressed in my September 24, 2020 Opinion, although Cresci alleges that there was no basis for his traffic stop, his civil rights claims stem from the alleged unconstitutionality of his arrest and detention, which occurred pursuant to a preexisting bench warrant. IN short, the traffic stop was the occasion, but not the basis, for the arrest. (MTD at n. 5.)

previous Amended Complaint that I articulated in my September 24, 2020 Opinion. As a result, I find that Cresci's motion to further amend his complaint was futile and therefore appropriately denied.

### (a) Proposed § 1985 Claim

Count B of Cresci's Proposed Second Amendment is a new claim asserted under 42 U.S.C. § 1985, a federal statute that makes it unlawful to conspire to interfere with an individual's civil rights. To support this new claim, Cresci alleges that "[t]here is a history of the Defendant City of Bayonne employees acting and conspiring to violate Plaintiff Cresci's civil rights." (PSAC ¶ 25.) This history, according to Cresci, includes "failed criminal complaint[s]" in 2010 and 2013, "frivolous ethics complaints," and confiscation of Cresci's vehicle after tickets were issued in Cresci's name "for construction material that was dumped by a county contractor." (*Id.*)

Section 1985(3) permits an action to be brought by one injured by a conspiracy formed "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). A plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). Notably, the *Griffin* Court emphasized that § 1985(3) requires the "intent to deprive of equal protection, or equal privileges and immunities." Thus, a claimant must allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the

---

Accordingly, I focused on whether the arrest will support any of Cresci's claims and not whether the traffic stop was improper. Cresci's new allegation that his traffic violation was dismissed therefore adds nothing material.

conspirators' action" to state a claim. *Farber*, 440 F.3d at 135, citing *Griffin*, 403 U.S. at 102 (emphasis added).

Setting aside the fact that Cresci's threadbare allegations fail to plausibly allege any conspiracy, Cresci's proposed § 1985 claim fails for the sole reason that he has not pleaded or otherwise demonstrated that Defendants acted with any race-based or class-based animus as required under *Farber* and *Griffin*. Amendment as to this additional § 1985 claim is therefore futile.

### (b) Additional NJRICO Allegations

In order to bolster his NJRICO claims, Cresci includes in his Proposed Second Amended Complaint a number of new allegations meant to elaborate on the "criminal enterprise" in which he contends Defendants participated. Cresci newly alleges 1) Defendant Kubert, as Public Safety Director, improperly approved overtime pay and so-called "boat payments" to retiring brass of the Bayonne Police Department; 2) Defendants DeMarco and Davis have a tacit agreement with certain developers who "remit payment" in exchange for their projects to be approved by the City's zoning and planning boards; and 3) Defendants DeMarco and Davis improperly favored a particular developer's bid for the development of a former military ocean terminal. (PSAC ¶ 104.)

As I explained *supra*, I previously dismissed Cresci's NJRICO claims in part because his alleged constitutional injuries were "injuries to one's person," which are not actionable under NJRICO, which redresses injuries to one's business or property. (Indeed, the allegations of criminality do not seem to involve Cresci at all.) These allegations—which, I might add, are conclusory and unsupported by factual allegations—do not cure this statutory deficiency. Because Cresci does not allege any constitutional injury other than "injuries to one's person," his NJRICO claims still fail, rendering amendment futile.

\* \* \*

Because these amendments would not cure the deficiencies in Cresci's first Amended Complaint, Cresci's proposed further amendment clearly would

be futile. For this alternative and independent reason, the motion to amend would have been appropriately denied.

## III. CONCLUSION

Accordingly, based on this Opinion and the reasons expressed by Judge Clark, and for good cause shown;

**IT IS** this 23rd day of January, 2023,

**ORDERED** that Cresci's appeal (DE 43) is **DENIED**, and the Magistrate Judge's Order (DE 42) is **AFFIRMED**.

/s/ Kevin McNulty

**Hon. Kevin McNulty**
**United States District Judge**

9